Abraham Hostetter to use of Jefferson Schools, Appellant, *v.* The United Brethren Mutual Aid Society of Pennsylvania.

*Affidavit of defence—Statement—Practice, C. P.*

Where plaintiff's statement sets out a cause of action founded upon a number of papers, and upon numerous facts *in pais* extrinsic to the papers, and upon alleged violations of contract stipulations, an affidavit of defence denying all liability under the papers, and all violation of contract stipulations, and alleging violations of contract obligations by the plaintiff, is sufficient to prevent judgment.

Argued Feb. 21, 1895.    Appeal, No. 249, Jan. T., 1895, by plaintiffs, from order of C. P. Lebanon Co., March T., 1894, No. 253, discharging rule for judgment for want of a sufficient affidavit of defence.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Assumpsit to recover back money paid under a contract of insurance alleged to have been broken.

Plaintiff in his statement of claim based his right to recover upon certain changes in classification of membership made by the defendant society, after he had become a member thereof, alleging that these changes were made without his knowledge and consent, increased the cost of his membership or insurance,

and constituted such a breach of his contract as gave him the right to rescind the same and recover back the money paid by him under the contract. Annexed to plaintiff's statement were copies of the application for membership in the United Brethren Mutual Aid Society, certificate of membership in the same, and constitution and by-laws of the same.

Defendant in its affidavit of defence alleged:

" That the defendant has in all things kept, observed and complied with the terms, stipulations and conditions in the contract of insurance (upon which the above suit is founded) made with the said Abraham Hostetter by the defendant aforesaid, and also observed and complied with all the requirements of the defendant's charter, constitution and by-laws having regard and reference to the aforesaid contract of insurance, and that the said Abraham Hostetter did not do, perform and observe the obligations and payments, whether by himself or through others, as required by the said contract of insurance on his part to be done and performed, to wit: Did neglect and refuse to pay either by himself or through others unto the said defendant after due notice and within thirty days after the same, the assessments duly made by the defendant upon him, the said Abraham Hostetter, as a member of the said defendant's society, for the payment of insurance due to the heirs and assigns of fellow members deceased as required by his said contract.

" (2) That the change of membership made on or about January, 1885, of the said Abraham Hostetter from class 3 division C to class 1 division C in said defendant's society, was simply a change in classification of his said membership, did not increase his mortality assessments or affect the cost of his insurance under his contract, was an immaterial change and one that the defendant avers under the law and the terms of its contract it had a right to make.

" (3) That the change of membership of the said Abraham Hostetter made subsequently, on, to wit, on or about May, 1887, from class 1 division C to division D, was simply a change in classification of his said membership, did not increase his mortality assessments or affect the cost of his insurance under his contract, was an immaterial change, which was assented and agreed to and ratified and confirmed by the said Abraham Hos-

tetter and the said Edwin Hostetter and Jefferson B. Schools, and was a change that the defendant avers under the law and the terms of its contract it had a right to make.

" (4) That the said Abraham Hostetter or Edwin Hostetter and Jefferson B. Schools continued paying their assessments for a long period of time, to wit, for more than eight years after the change in classification from class 3 division C to class 1 division C had been made, and also for a long period of time, to wit, for more than six years after the change was made as aforesaid in May, 1887, from class 1 division C to division D, and after he or they had written notice and knowledge of the fact for a long time, to wit, for the period aforesaid, after which, on, to wit, Sept. 15, 1893, he or they neglected and refused to pay any other or further assessments.

" (5) That by the terms of the contract of insurance of the said Abraham Hostetter, it was agreed by and between the said Abraham Hostetter and the defendant society that any member failing to pay his pro rata assessments at the death of a member within thirty days after he is notified shall forfeit his membership and all moneys previously paid into the treasury of the society. All of which the defendant expects to prove on the trial of the case."

The court discharged a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*J. G. Adams*, for appellant.—Where the defence set up involves an issue of fact, an affidavit must state all the facts necessary to constitute a substantial defence. General averments of matters, which in themselves are legal conclusions from facts, are not sufficient: Erie City v. Butler, 120 Pa. 374; Kaufman v. Cooper Iron Co., 105 Pa. 541; Gould v. Gage, 118 Pa. 559; Ogden v. Beatty, 137 Pa. 197; Hiester v. Schwenck, 1 Woodward, 287; McBrier v. Marshall, 126 Pa. 390; Johnson v. Blair, 126 Pa. 426; Sanders v. Sharp, 153 Pa. 555; Willard v. Reed, 132 Pa. 5.

Under the provisions of the procedure act of 1887, upon a rule for judgment for want of a sufficient affidavit of defence, whatever averments contained in the statement which are not

denied, must be taken as admitted: Ashman v. Weigley, 148 Pa. 61; Erie City v. Butler, 120 Pa. 374; Endlich on Affidavits of Defence, sec. 391; Walker Overseers v. Marion Overseers, 148 Pa. 1; Ogden v. Beatty, 137 Pa. 197; Bardsley v. Delp, 88 Pa. 420.

*S. P. Light*, for appellee, was not heard, but his printed brief contained: It is sufficient if an affidavit of defence sets forth in words or by necessary inference facts showing a substantial prima facie defence which can probably be established: Leibersperger v. Reading Savings Bank, 30 Pa. 531; Black v. Halstead, 39 Pa. 64; Seldon v. Neemes, 43 Pa. 421; Endlich on Affidavits of Defence, sec. 364; Thompson v. Clark, 56 Pa. 33; McPherson v. Allegheny Nat. Bank, 96 Pa. 135; Kaufman v. Cooper Iron Co., 105 Pa. 537; Kountz v. Citizens Oil Refining Co., 72 Pa. 396; Griffith v. Sitgreaves, 81* Pa. 378; Radcliffe v. Herbst, 135 Pa. 568; Murphy v. Cappeau, 147 Pa. 45; Devlin v. Burns, 147 Pa. 168; Erie City v. Y. M. C. A., 151 Pa. 171.

PER CURIAM, March 11, 1895:

This is very clearly not a case in which judgment can be taken for want of a sufficient affidavit of defence. The plaintiff's statement sets out a cause of action founded upon a number of papers and upon numerous facts in pais extrinsic to the papers, and upon alleged violations of contract stipulations. The affidavit of defence denies all liability under the papers, denies all violation of contract stipulations, and alleges violations of contract obligations by the plaintiff. Important questions of fact are raised which can only be determined by the verdict of a jury.

                                Judgment affirmed.